1  |  **SAMUEL R. WATKINS (SBN 272162)**
**swatkins@thompsoncoburn.com**

2  |  **THOMPSON COBURN LLP**
**2029 Century Park East, 19th Floor**

3  |  **Los Angeles, California 90067**
**Tel: 310.282.2500 / Fax: 310.282.2501**

4

5  |  Attorneys for Plaintiffs
COACH, INC. and COACH SERVICES,

6  |  INC.

7

8  |  **UNITED STATES DISTRICT COURT**

9  |  **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| COACH, INC., a Maryland corporation; and COACH SERVICES, INC., a Maryland corporation, | Case No. 2:17-cv-04775 |
| | **COMPLAINT FOR:** |
| Plaintiffs, | 1) **LANHAM ACT – § 32 (15 U.S.C. § 1114);** |
| vs. | 2) **LANHAM ACT – § 43(a) (15 U.S.C. § 1125(a));** |
| CITI TRENDS, INC., a Delaware corporation, and KELLY MARTIN, an individual, | 3) **LANHAM ACT – § 42 (15 U.S.C. § 1124);** |
| | 4) **TARIFF ACT – § 526 (19 U.S.C. § 1526(A));** |
| Defendants. | 5) **STATUTORY UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200 *et seq.*); and** |
| | 6) **COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT** |
| | **DEMAND FOR JURY TRIAL** |

23  |  Plaintiffs COACH, INC. and COACH SERVICES, INC. (collectively,

24  |  "Coach" or "Plaintiffs"), for their Complaint herein against Defendants CITI

25  |  TRENDS, INC. ("Citi Trends") and KELLY MARTIN ("Martin") (collectively,

26  |  "Defendants") allege as follows:

27

28

6534154

COMPLAINT

**NATURE OF THE ACTION**

1.　This is an action for:  (i) infringement by counterfeiting of a registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unlawful importation of goods bearing an infringing trademark in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124; (iv) unlawful importation of goods bearing a registered United States trademark in violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a); (v) statutory unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*; and (vi) unfair competition in violation of the common law of the State of California.

2.　According to Citi Trend's public statements set forth on its website, Citi Trends is a large, nation-wide "value-priced retailer of fashion apparel, shoes, accessories, and home décor" that operates "537 stores in 31 states."  Citi Trends claims that its "goal is to provide nationally recognized branded merchandise at discounts off department and specialty stores' regular prices of 20% to 70%."  In pursuit of this goal, Citi Trends, by and through its employee, Martin, conspired with one of Citi Trends' "over 1,600 vendors" located within this judicial district to import, distribute, offer for sale, and sell commercial quantities of counterfeit Coach® brand handbags and wallets that infringe Plaintiffs' U.S.-registered trademarks.  Plaintiffs expect that discovery in this case will reveal additional trademarks owned by Plaintiffs that have been counterfeited by Defendants.  These acts of infringement have given rise to significant legal claims by Plaintiffs against Defendants.

3.　Coach was founded seventy-five (75) years ago as a family-run workshop in Manhattan.  Since then, Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products, including, but not limited to, handbags, wallets, accessories, eyewear, footwear, clothing, outerwear,

jewelry and watches (collectively, the "Coach Products").  Coach sells its goods throughout the United States, including in California, through its own specialty retail stores and outlet stores, through various department stores, and via the Internet websites located at www.coach.com and www.coachoutlet.com.

4.      Coach Products have become enormously popular and even iconic, driven by Coach's arduous quality standards and innovative designs.  Among the purchasing public, genuine Coach Products are instantly recognizable as such.

5.      Both in the United States and internationally, the Coach brand has come to symbolize high quality, and Coach Products are among the most recognizable handbags, wallets, and accessories in the world.  Whether made entirely of leather or in combination with printed or other components, genuine Coach Products are greatly coveted as premier fashion accessories of the highest quality.

6.      The unique mix of function, workmanship, fashion and style that goes into each and every genuine Coach Product, as well as the brand's exclusive cache, results in Coach Products enjoying high popularity and enormous goodwill with the consuming public.  Coach is the exclusive distributor of Coach Products.

7.      In an attempt to profit from Plaintiffs' substantial investment in their trademarks, Defendants conspired with one of their vendors located within this judicial district (the "Vendor") to import, distribute, offer for sale, and sell commercial quantities of handbags and wallets that bear spurious marks that are either identical to or substantially indistinguishable from Plaintiffs' trademarks. Coach has confirmed that the handbags and wallets at issue were not manufactured, licensed or sponsored by, or affiliated with Coach, and are counterfeit.  Consumers are therefore likely to be confused and/or disappointed by obtaining counterfeit handbags and wallets when they intended to purchase genuine handbags and wallets manufactured and sold by Coach.

8.    As a result of Defendants' actions, Plaintiffs are suffering a loss of the enormous goodwill and value they have created in their trademarks.  This action seeks permanent injunctive relief and monetary damages for the infringement of Plaintiffs' valuable intellectual property rights.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this action pursuant to:  (i) 28 U.S.C. §§ 1331, 1338(a) and (b), 15 U.S.C. § 1121, as an action for violation of the Lanham Act, 19 U.S.C. § 1526(a), as an action for violation of Section 526(a) of the Tariff Act; and (ii) 28 U.S.C. § 1367(a), pursuant to the principles of supplemental jurisdiction.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district and Defendants conduct business within this judicial district.

## THE PARTIES

11.    Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

12.    Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in Jacksonville, Florida.

13.    Defendant Citi Trends, Inc. ("Citi Trends") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 104 Coleman Boulevard, Savannah, Georgia 31408.  Citi Trends owns and operates more than five hundred retail stores throughout the United States, including within the State of California and within this judicial district.

14.    Defendant Kelly Martin ("Martin") is an individual who is believed to reside in Pennsylvania or New York.  Martin is a buyer for Citi Trends at their New York office located at 1385 Broadway, Suite 809, New York, New York 10018.

# FACTS GIVING RISE TO THIS ACTION

## *The Coach Trademarks*

15. Coach has sold leather goods under the COACH mark since 1941. The types of goods sold under the COACH mark have expanded extensively since then to include all of the Coach Products, and the Coach Products have long been among the most popular luxury lifestyle items. The COACH mark itself is iconic, symbolizing a unique blend of fashion, craftsmanship, style, and function, whether associated with handbags, wallets, or other Coach Products.

16. Coach owns the trademark and trade name "COACH" for the Coach Products, as well as numerous other highly distinctive marks.

17. Coach incorporates a variety of distinctive marks in the design of its various handbags, purses, wallets, and other Coach Products. Coach Products typically include at least one of Coach's federally registered trademarks. Often several of Coach's trademarks appear on a single Coach Product. Coach also uses these trademarks in connection with the marketing of its Coach Products. Coach and its predecessors have achieved annual sales volume of more than four billion dollars ($4,000,000,000) on products bearing Coach's trademarks. As such, Coach's trademarks, and the goodwill associated therewith, are among Coach's most valuable assets.

18. Coach has registered many of its trademarks with the United States Patent and Trademark Office, including, *inter alia*, the following marks, which are collectively referred to as the "Coach Trademarks":

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, cellular phone cases satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | August 19, 1997 | COACH |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 751,493 | COACH | 14 for leather goods, namely, utility kits, portfolios, key cases, pass cases, billfolds, wallets, pocket secretaries. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for eyeglasses. | May 15, 2001 | COACH |
| 4,105,689 | COACH | 9 for sunglasses. | February 25, 2012 | COACH |
| 1,846,801 | COACH | 25 for men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for umbrellas. | June 3, 2008 | COACH |
| 2,231,001 | COACH | 25 for clothing for men, women, namely, coats, jackets, overcoats, raincoats, shirts, vests, scarves, shoes and belts. | March 9, 1999 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,291,341 | COACH | 14 for watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 4,168,626 | COACH NEW YORK | 18, 25 for *inter alia* briefcases, satchels, tote bags, duffle bags, key cases, coin cases, wallets, hats, caps, gloves, coats, jackets, overcoats, raincoats, scarves, shoes and belts. | July 3, 2012 | COACℍ |
| 4,296,584 | COACH NEW YORK | 9, 16 for cases for eyeglasses and sunglasses, sunglasses and spectacles, calendars and diaries. | February 26, 2013 | COACH NEW YORK |
| 3,413,536 | COACH EST. 1941 Stylized | 14 for *inter alia* jewelry | April 15, 2008 | *Coach est.1941* |
| 2,534,429 | COACH & Lozenge Design | 9 for eyeglasses, eyeglass frames, and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & Lozenge Design | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & Lozenge Design | 35 for retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & Lozenge Design | 14 for *inter alia* watches. | November 9, 1999 | COACH |
| 2,169,808 | COACH & Lozenge Design | 25 for *inter alia* clothing for men and women, namely, coats, jackets, scarves, shoes, and belts. | June 30, 1998 | COACH |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 2,045,676 | COACH & Lozenge Design | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, computer cases, briefcases, satchels, duffel bags, hats, caps and gloves. | March 18, 1997 | |
| 1,070,999 | COACH & Lozenge Design | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | |
| 1,309,779 | COACH & Lozenge Design | 9, 16, 18 for *inter alia* eyeglass cases and leather goods, namely, wallets, purses and shoulder bags. | December 19, 1984 | |
| 2,035,056 | COACH & Lozenge Design | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | |
| 2,626,565 | CC & Design (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & Design (Signature C) | 24 for fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & Design (Signature C) | 6, 9, 14, 18, for *inter alia* sunglasses and eyeglass cases,  metal key fobs, leather key fobs, jewelry, watches, umbrellas. | April 13, 2004 | |
| 2,592,963 | CC & Design (Signature C) | 25 for *inter alia* clothing namely, scarves, belts, gloves, hats, shoes, coats, jackets. | July 9, 2002 | |

6534154

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 2,822,629 | CC & Design (Signature C) | 35 for retail services. | March 16, 2004 | |
| 4,365,898 | COACH Signature C & Design | 9 for protective covers and cases for cell phones, laptops and portable media players. | July 9, 2013 | |
| 3,396,554 | AMENDED CC & Design (Signature C) | 3 for fragrances. | March 11, 2008 | |
| 4,365,899 | COACH OP ART & Design | 9 for protective covers and cases for cell phones, laptops and portable media players. | July 9, 2013 | |
| 4,105,636 | COACH OP ART & Design | 14, 18, 25 for jewelry, watches, wallets, handbags, belts, hats, scarves, shoes, coats, gloves and t-shirts. | February 28, 2012 | |
| 4,391,741 | COACH LEATHERWARE EST. 1941 & Design | 3 for after-shave, body lotions, fragrances, make-up, perfumes, soaps for personal use. | August 27, 2013 | |
| 4,296,582 | COACH EST. 1941 NEW YORK & Design | 14,16,18 and 25 for *inter alia* jewelry and watches, handbags, leather credit card cases, purses, shoulder bags, wallets, belts, coats, t-shirts, hats, gloves, shoes, day planners. | February 26, 2013 | |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 4,359,191 | COACH EST. 1941 NEW YORK & Design | 9 for protective covers and cases for cell phones, laptops and portable media players. | June 25, 2013 | |
| 3,251,315 | COACH EST. 1941 & Design | 18, 25 for *inter alia* handbags, small leather goods, jackets, coats and shoes. | June 12, 2007 | |
| 3,338,048 | COACH & Design | 18 for *inter alia* luggage, backpacks, purses, wallets, and shoulder bags. | November 11, 2007 | |
| 3,149,330 | C & Lozenge Logo | 14 for watches. | September 26, 2006 | |
| 2,162,303 | COACH & Tag Design | 25 for belts. | June 2, 1998 | |
| 4,334,351 | COACH & Tag Design | 9 for protective covers and cases for cell phones, laptops and portable media players. | May 14, 2013 | |
| 3,685,590 | COACH & Tag Design | 14 for bracelets, earrings, jewelry, necklaces, rings being jewelry, watches. | September 22, 2009 | |
| 2,088,707 | COACH & Tag Design | 18 for *inter alia* briefcases, handbags, satchels, tote bags, duffle bags, cosmetic bags, luggage. | August 19, 1997 | |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 4,744,715 | COACH NEW YORK & Design | 18 for handbags; purses; tote bags; clutch purses; wristlet bags; shoulder bags; messenger bags; duffle bags; backpacks; briefcases; travel bags; luggage; garment bags for travel; bags for carrying babies' accessories; wallets; billfolds; luggage tags; cosmetic cases sold empty; toiletry cases sold empty; key cases and wallets; business card cases; credit card cases; coin purses; umbrellas; pet collars and leashes; and leather boxes. | May 26, 2015 |  |
| 4,744,716 | COACH NEW YORK & Design | 16 for notebooks; address books; daily planners; diaries; paper refills for notebooks, address books, daily planners, diaries, and calendars; paper weights; desk file trays; bookmarks; pencil cases; checkbook covers; money clips; paper shopping bags; boxes of paper or cardboard; paper holders for receipts; and tissue paper. | May 26, 2015 |  |
| 4,744,718 | COACH NEW YORK & Design | 25 for clothing, namely, coats, jackets, overcoats, raincoats, vests, parkas, capes, blouses, shirts, t-shirts, tank tops, tunics, sweaters, sweatshirts, skirts, pants, dresses, scarves, swimwear; belts; gloves; hats; and footwear. | May 26, 2015 |  |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 4,744,719 | COACH NEW YORK & Design | 3 for fragrances; aftershaves; colognes; leather cleaning and moisturizing preparations; and fabric cleaners. | May 26, 2015 |  |
| 4,744,720 | COACH NEW YORK & Design | 9 for sunglasses; eyeglasses; optical frames; cases for eyeglasses and sunglasses; adapter plugs; cell phone cases; cell phone covers; carrying cases for cell phones; protective covers and cases for tablet computers; and mouse pads. | May 26, 2015 |  |
| 4,744,721 | COACH NEW YORK & Design | 14 for watches; jewelry; and ornamental pins. | May 26, 2015 |  |
| 4,814,094 | COACH NEW YORK & Design | 18 for handbags; purses; tote bags; clutch purses; wristlet bags; shoulder bags; messenger bags; duffle bags; backpacks; briefcases; travel bags; luggage; garment bags for travel; bags for carrying babies' accessories; cosmetic cases sold empty; and toiletry cases sold empty. | September 15, 2015 |  |
| 4,754,870 | COACH NEW YORK | 3, 6 for fragrances; key fobs of common metal; and metal rings and chains for keys. | June 16, 2015 | COACH NEW YORK |
| 5,004,497 | COACH 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets, clothing, coats and shoes. | July 19, 2016 | COACH 1941 |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 5,045,622 | HANGTAG SHAPE DESIGN | 18 for *inter alia* briefcases, handbags, satchels, tote bags, duffle bags, cosmetic bags, wallets, luggage. | September 20, 2016 |  |

19.   The registration of the Coach Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and on other commercial goods.

20.   The registration of the Coach Trademarks also provides sufficient notice to Defendants of Coach's ownership of and exclusive rights in the Coach Trademarks.

21.   Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Trademarks.  As a result, products bearing the Coach Trademarks are widely recognized as being high quality products and are exclusively associated by consumers, the public, and the trade with Coach.  The Coach Trademarks have therefore acquired strong secondary meaning and signal to consumers that Coach is the exclusive source of Coach Products bearing the Coach Trademarks.

22.   The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

**_Defendants' Acts of Infringement_**

23.   As set forth more fully below, Plaintiffs discovered Defendants' direct and controlling role in the importation and sale of counterfeit goods in the United States when two of their shipments were seized by United States Bureau of Customs & Border Protection ("CBP") at the Port of Long Beach, California.  Even though these shipments had been imported in the name of the Vendor, it was Martin, Citi

1 Trends' buyer, who personally selected the infringing designs and materials used to
2 manufacture these counterfeit Coach Products and directed the Vendor to purchase
3 and import the goods for delivery to Citi Trends' distribution center in Roland,
4 Oklahoma.

5     24.    Martin has the title of "Buyer – Fashion Handbags and Luggage" at
6 Citi Trends, where she has worked since April 2012.  For the seven years prior to
7 joining Citi Trends, Martin worked uninterruptedly as a buyer for several different
8 fashion and accessory retailers.  Martin obtained her Bachelor of Science, Fashion
9 Merchandising degree from Philadelphia University.  Martin cannot plausibly
10 maintain that she lacks familiarity with Coach, Inc., Coach, Inc.'s Coach Products,
11 or with Plaintiffs' world-famous CC & Design (Signature C) Mark.

12     25.    Martin fully understood that she was selecting, and directing the
13 Vendor to import and deliver to Citi Trends in the United States, handbags and
14 wallets that bore counterfeit versions of Plaintiffs' CC & Design (Signature C)
15 Mark.

16     26.    CBP periodically inspects merchandise imported into the United States.
17 As a result of one such inspection on or about August 24, 2015, CBP discovered that
18 a shipment imported into the United States in the name of the Vendor contained a
19 commercial quantity of goods bearing spurious marks that were either identical with
20 or substantially indistinguishable from at least one of the Coach Trademarks.

21     27.    On or about November 6, 2015, CBP mailed to Plaintiffs a Notice of
22 Seizure of Infringing Merchandise (No. 2016-2704-000004-01/VJ) ("First Notice of
23 Seizure") naming the Vendor as the party that imported 800 "handbags" that bore
24 counterfeit versions of at least one of the Coach Trademarks.  A true and correct
25 copy of the First Notice of Seizure is attached hereto as Exhibit A.

26     28.    The First Notice of Seizure identifies the counterfeited trademark by its
27 CBP recordation number, TMK 04-00378.  This CBP recordation number
28 corresponds to U.S. Trademark Registration No. 2,822,318, also known as the "CC

& Design (Signature C) Mark."   A true and correct copy of U.S. Trademark Registration No. 2,822,318 for Plaintiff's CC & Design (Signature C) Mark is attached hereto as Exhibit B.

29.    Coach filed and recorded a copy of the registration certificate of U.S. Trademark Registration No. 2,822,318 with CBP in accordance with Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a), and Section 42 of the Lanham Act, 15 U.S.C. § 1124.   Once filed with CBP, U.S. Trademark Registration No. 2,822,318 was recorded by CBP under the Recordation Number TMK 04-00378.   A true and correct copy of the computer printout documenting CBP's recordation of this trademark is attached hereto as Exhibit C.

30.    The First Notice of Seizure identified "Polinn International Trade Limited" ("Polinn") in China as the source of the counterfeit handbags.   The counterfeit handbags had been imported into the Port of Long Beach, California.

31.    As part of its investigation into this matter and based on information provided by CBP, Coach has confirmed that the 800 handbags referenced in the First Notice of Seizure are counterfeit, and not genuine articles manufactured by or with the permission of Coach.

32.    Packed inside the same ocean shipping container that held these 800 counterfeit COACH brand handbags were an additional 7,610 handbags that counterfeited other U.S.-registered trademarks that belong to entities other than Coach, including Louis Vuitton Malletier and The Estate of Marilyn Monroe, LLC. CBP also seized these 7,610 counterfeit handbags from the Vendor.

33.    On or about September 22, 2015, CBP discovered that another shipment imported into the United States contained a commercial quantity of handbags bearing spurious marks that were counterfeit versions of least one of the Coach Trademarks, *i.e.*, Plaintiffs' CC & Design (Signature C) Mark.

34.    On or about November 25, 2015, CBP mailed to Plaintiffs a second Notice of Seizure of Infringing Merchandise (No. 2016-2704-000004-01/VJ)

("Second Notice of Seizure") naming the Vendor as the party that imported 600 handbags that bore counterfeit versions of Plaintiffs' CC & Design (Signature C) Mark.  A true and correct copy of the Second Notice of Seizure is attached hereto as Exhibit D.  CBP has confirmed to Coach that the case number appearing on the face of the Second Notice of Seizure is in error, and should be No. 2016-2704-000108-01 VJ.

35.     The Second Notice of Seizure also identified Polinn in China as the source of this second shipment of counterfeit handbags imported in the name of the Vendor.  These counterfeit handbags had also been imported into the Port of Long Beach, California.

36.     As part of its investigation into this matter and based on information provided by CBP, Coach has confirmed that the 600 handbags referenced in the Second Notice of Seizure are counterfeit, and not genuine articles manufactured by or with the permission of Coach.

37.     Packed inside the same ocean shipping container that held these 600 counterfeit COACH brand handbags were an additional 3,550 handbags that counterfeited other U.S.-registered trademarks that belong to entities other than Coach, including The Estate of Marilyn Monroe, LLC.  CBP also seized these 3,550 counterfeit handbags from the Vendor.

38.     Even though the First and Second Notices of Seizure describe the seized goods only as "handbags", the seized goods also included a second type of goods, *i.e.*, "wallets."

39.     Martin personally selected the designs that were used in the manufacture of the Coach Products that were seized by CBP.  These designs incorporated Plaintiffs' CC & Design (Signature C) Mark.  Martin also personally selected the designs that were used in the manufacture of the other goods seized by CBP bearing counterfeit versions of trademarks owned by Louis Vuitton Malletier and The Estate of Marilyn Monroe, LLC.  Martin followed-up her selection

decisions by issuing Purchase Orders to the Vendor directing the Vendor to procure thousands of units of the infringing goods and to deliver them to Citi Trends, complete with Citi Trends hang tags attached to each unit.

40.    For example, Exhibit E attached hereto is true and accurate copy of Citi Trends' Purchase Order Number 48621, dated February 15, 2015, and issued by Martin.  Purchase Order Number 48621 reflects Citi Trends' intent to purchase 400 units of an item described by Martin as "BRWN SIGN CC RNSTNE XBDY BROWN CROSSBODY BAG" for a price of $7.00 per unit.

41.    Plaintiffs' CC & Design (Signature C) Mark is composed of the letters "CC" repeating in different orientations.  Martin's use of "SIGN CC" clearly indicates her intention to order handbags bearing counterfeit versions of Plaintiffs' CC & Design (Signature C) Mark trademark.

42.    Trends' Purchase Order Number 48621 also specifies the purchase of 600 handbags described by Martin as "RED MARILYN RNSTNE XBDY RED CROSSBODY BAG."  These handbags bore images of the late actress Marilyn Monroe.  Counterfeit Marilyn Monroe brand handbags were seized by CBP along with the counterfeit Coach Products.

43.    Neither Polinn nor the Vendor is an authorized or legitimate source of genuine Coach Products.  Moreover, genuine Coach Products simply cannot be purchased for $7.00 – or less – per handbag or wallet.  The impossibly low prices paid by Citi Trends for these goods cannot be reconciled with any claim that the goods were believed to be genuine Coach Products.  Citi Trends must have known that all of the Coach Products (and Louis Vuitton and Marilyn Monroe products) it purchased from the Vendor were counterfeit.

44.    Upon information and belief, Citi Trends conspired with the Vendor to import the shipments referenced in the First and Second Notices of Seizure in connection with their coordinated and ongoing efforts to import, sell, offer for sale,

and/or distribute counterfeit COACH brand handbags and wallets, thereby intentionally and knowingly infringing Plaintiffs' valuable trademarks.

***The Likelihood of Confusion and Injury Caused by the Defendants' Actions***

45. Upon information and belief, Defendants are engaged in and/or otherwise involved in facilitating the ongoing and unrestrained commercial importation of counterfeit COACH brand handbags and wallets into the United States. As a result of Defendants' actions, Coach is suffering a loss of the enormous goodwill and value created in the Coach Trademarks, and/or may suffer such loss if Defendants are allowed to continue their illegal activity.

46. The counterfeit COACH brand handbags imported and sold by Defendants are not the same as genuine handbags manufactured and sold by Plaintiffs under the Coach Trademarks. As such, consumers who purchase counterfeit COACH brand handbags are likely to be confused and/or disappointed by obtaining counterfeit handbags and wallets when they intended to purchase genuine COACH brand handbags and wallets.

47. In addition, the sale of counterfeit COACH brand handbags and wallets is likely to cause confusion among consumers regarding Plaintiffs' sponsorship or approval of the counterfeit handbags and wallets. As a result of Defendants' actions, Plaintiffs are suffering a loss of the enormous goodwill Plaintiffs created in the Coach Products and are losing sales of genuine products.

48. Defendants are likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, thereby causing Plaintiffs irreparable harm.

## FIRST CLAIM FOR RELIEF

**(For Infringement by Counterfeiting of Registered Trademarks in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))**

49. Plaintiffs specifically reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 48 hereof.

50.     The acts of Defendants alleged herein constitute the use in commerce, without the consent of Plaintiffs, of a reproduction, counterfeit, copy, or colorable imitation of one or more of the Coach Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Plaintiffs' rights in one or more of the Coach Trademarks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

51.     Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

52.     Defendants' acts entitle Plaintiffs to damages for all of Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

53.     Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct.    Plaintiffs have been, and absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

## SECOND CLAIM FOR RELIEF

**(For False Designation of Origin and Trademark and Trade Dress**

**Infringement in Violation of Section 43(a)(1)(A) of the Lanham Act,**

**15 U.S.C. § 1125(a)(1)(A))**

54.     Plaintiffs specifically reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 53 hereof.

55.     The acts of Defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

These acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of the counterfeit handbags and wallets by Plaintiffs.

56.   Defendants' use of infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

57.   Defendants' acts entitle Plaintiffs to damages for all of Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

58.   Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct.   Plaintiffs have been, and absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

### THIRD CLAIM FOR RELIEF

**(For Unlawful Importation of Goods Bearing Infringing Marks in Violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124)**

59.   Plaintiffs specifically reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 58 hereof.

60.   Defendants' acts alleged herein constitute the importation of merchandise which bears copies or simulations of at least one of the federally-registered Coach Trademarks in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124.

61.   Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

62.     Defendants' acts entitle Plaintiffs to damages for all of Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

63.     Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct.   Plaintiffs have been, and absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

## FOURTH CLAIM FOR RELIEF

**(For Unlawful Importation of Goods Bearing Registered United States**

**Trademarks in Violation of Section 526(a) of the Tariff Act,**

**19 U.S.C. § 1526(a))**

64.     Plaintiffs specifically reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 63 hereof.

65.     Defendants' acts alleged herein constitute the importation of merchandise which bears imitations of at least one of the Coach Trademarks, without Plaintiffs' consent, in violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a).

66.     Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

67.     Defendants' acts entitle Plaintiffs to damages for all of Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

68.   Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct.   Plaintiffs have been, and absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

## FIFTH CLAIM FOR RELIEF

### (For Violation of the California Unfair Business Practices Act,

### Cal. Bus & Prof. Code § 17200 *et seq*.)

69.   Plaintiffs specifically reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 68 hereof.

70.   Defendants' conduct, as alleged above, constitutes unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq*.  These acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of the counterfeit handbags and wallets by Plaintiffs.

71.   Defendants' acts entitle Plaintiffs to general and special damages for all of Defendants' profits derived from their past unlawful conduct to the full extent provided for by Cal. Bus. & Prof. Code § 17200 *et seq*.

72.   Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct.   Plaintiffs have been, and absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

## SIXTH CLAIM FOR RELIEF

### (For Unfair Competition in Violation of California State Common Law)

73.   Plaintiffs specifically reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 72 hereof.

74.   Defendants' conduct, as alleged above, constitutes unfair competition under California State common law.  Defendants' acts have resulted in the "passing off" of Defendants' products as those of Plaintiffs, or as somehow related or associated with, or sponsored or endorsed by Plaintiffs.

75. Defendants' acts entitle Plaintiffs to general and special damages for all of Defendants' profits derived from their past unlawful conduct to the full extent provided for by the common law of the State of California.

76. Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct. Plaintiffs have been, and absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

## PRAYER

WHEREFORE, Plaintiffs prays for judgment as follows:

A. For judgment that:

    (i) Defendants have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;

    (ii) Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    (iii) Defendants have violated Section 42 of the Lanham Act, 15 U.S.C. § 1124;

    (iv) Defendants have violated Section 526 of the Tariff Act, 19 U.S.C. § 1526(a);

    (v) Defendants' violations of Sections 32, 43(a), and 42 of the Lanham Act and Section 526 of the Tariff Act were willful, intentional, and done with knowledge that the infringing marks were counterfeit;

    (vi) Defendants have violated the California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 *et seq.*; and

    (vii) Defendants have engaged in unfair competition in violation of the common law of the State of California.

B. For an injunction restraining and enjoining Defendants and their divisions, subsidiaries, officers, agents, employees, attorneys, and all those persons in active concert or participation with them who receive actual notice of the order by

personal service or otherwise, from (i) purchasing, importing, distributing, selling, or offering for sale, counterfeit Coach Products, or assisting, aiding or abetting any other person or entity in doing so; or (ii) using the Coach Trademarks or trademarks confusingly similar therewith, or assisting, aiding or abetting any other person or entity in doing so.

C.    For an order requiring Defendants, within thirty (30) days after entry of judgment, to deliver up to counsel for Plaintiffs any and all handbags and wallets in their possession, custody, and/or control that infringe the Coach Trademarks.

D.    For an order requiring Defendants, within thirty (30) days after entry of judgment, to recall all goods sold or distributed by them that infringe the Coach Trademarks.

E.    For an order requiring Defendants, within thirty (30) days after entry of judgment, to deliver up to counsel for Plaintiffs any and all documents in their possession, custody, and/or control that reflect or relate to the purchase, importation, storage, shipping, or sale of handbags and wallets that infringe the Coach Trademarks.

F.    For an order requiring Defendants, within thirty (30) days after entry of judgment, to prepare and deliver to counsel for Plaintiffs a complete list of entities from whom Defendants purchased, and to whom they sold, handbags and wallets that infringe the Coach Trademarks.

G.    For an order requiring Defendants, within thirty (30) days after entry of judgment, to file with the Court and serve upon counsel for Plaintiffs a written report, under oath, setting forth in detail the manner in which Defendants have complied with paragraphs C through F above.

H.    For an order requiring (i) that Defendants account for and pay over to Plaintiffs all of Defendants' profits derived from their unlawful conduct to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C.

§ 1117(a); (ii) the trebling of the damages Defendants are required to pay over to Plaintiffs (*i.e.*, Defendants' profits derived from their unlawful conduct), and awarding Plaintiffs their costs, attorneys' fees, and prejudgment interest to the full extent provided for by Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b); (iii) as an alternative to awarding Defendants' profits, trebled, under Sections 35(a) and 35(b), awarding Plaintiffs statutory damages as provided for by Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c); and (iv) awarding Plaintiffs general, special, and exemplary damages to the full extent provided for by Cal. Bus. & Prof. Code §17200 *et seq.*, Cal. Civ. Code. § 3294(a), and the common law of the State of California.

I.      For costs of suit, attorneys' fees, and such other and further relief as the Court shall deem appropriate.

DATED:  June 28, 2017                    **THOMPSON COBURN LLP**

By:      */s/ Samuel R. Watkins*
         **SAMUEL R. WATKINS**
         Attorneys for Plaintiffs COACH, INC. and
         COACH SERVICES, INC.

6534154

1

## **DEMAND FOR JURY TRIAL**

2      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs

3 Coach, Inc. and Coach Services, Inc. hereby demand trial by jury in this action on

4 any issue triable of right by a jury.

5 DATED:  June 28, 2017           THOMPSON COBURN LLP

6

7

8                By:      */s/ Samuel R. Watkins*

9                      SAMUEL R. WATKINS
Attorneys for Plaintiffs COACH, INC. and

10                      COACH SERVICES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28