**THOMPSON COBURN LLP**
JEFFREY N. BROWN (SBN 105520)
DAVID B. JINKINS (*Admitted Pro Hac Vice*)
jbrown@thompsoncoburn.com
djinkins@thompsoncoburn.com
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Telephone: (310) 282-2500
Facsimile: (310) 282-2501

Attorneys for Plaintiffs COACH, INC.
and COACH SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| COACH, INC., a Maryland corporation; and COACH SERVICES, INC., a Maryland corporation,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITI TRENDS, INC., a Delaware corporation; and KELLY MARTIN, an individual,<br><br>    Defendants. | Case No. 2:17-cv-04775-DMG-KS<br><br>Honorable Dolly M. Gee<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONIAL AND WRITTEN EVIDENCE AND ARGUMENT RELATED TO OPINIONS BY CUSTOMS CONCERNING WHETHER GOODS IT SEIZED WERE INFRINGING OR COUNTERFEIT**<br><br>*PRETRIAL CONFERENCE*<br>Date: October 15, 2019<br>Time: 2:00 p.m.<br>Crtrm.: 8C |

## I. INTRODUCTION

Plaintiffs Coach, Inc. and Coach Services, Inc. ("Plaintiffs") oppose Defendants' motion *in limine* No. 1 to exclude evidence and argument relating to Customs and Border Protection ("CBP") documents and testimony. Defendants' motion should be denied.

## II. BACKGROUND

Defendants seek to exclude highly relevant evidence relating to the seizure of Defendants' counterfeit goods by Customs and Border Protection ("CBP") at the Port of Long Beach on August 24, 2015, and September 22, 2015. Evidence relating to these seizures is the heart of this counterfeiting case.

CBP officials stopped, identified, and seized thousands of counterfeit goods that Defendants ordered from South Pacific & China Supply Inc. ("Blossom"). Blossom imported the counterfeit goods on behalf of Defendants. The counterfeit goods that were seized by CBP officials bore the marks of not only Coach, but also Playboy Enterprises, Marilyn Monroe, and Louis Vuitton. After CBP notified Blossom of this seizure, Blossom did not contest CBP's seizure of the goods and did not request that CBP return the goods.

In accordance with standard CBP procedure, the officials produced a number of documents to Plaintiffs (the "CBP file") addressing these specific seizures. These documents include, but are not limited to:

1) <u>Notices of Seizure</u>: initial information regarding the specifics of the seizure; provided to the true mark owner

2) <u>Customs Narratives</u>: a more detailed description of the seizure and the exact nature of what items were discovered, including photographs taken of the counterfeit goods taken by CBP officials

3) <u>Customs House Notices</u>: formal letter from CBP to the importing party, notifying them of seizure

4) <u>Correspondence from Blossom</u>: letters written by the importer to CBP, accepting CBP's findings and the forfeiture of the counterfeit goods.

The CBP file is relevant for not only a determination of infringement, but also evidences Defendants' willful counterfeiting conduct. Further, Plaintiffs have brought claims relating to Defendants' unlawful *importation* of goods. The CBP file is direct evidence of Defendants' importation.

## **ARGUMENT**

Motions in limine should be granted sparingly. *Warnecke v. Nitrocision*, LLC, No. 4:10-CV-00334-CWD, 2012 WL 5987429, at *15 (D. Idaho Nov. 29, 2012). "A pretrial motion in limine forces a court to decide the merits of introducing a piece of evidence without the benefit of the content of trial." *CFM Commc'ns, LLC v. Mitts Telecasting Co.*, 424 F. Supp. 2d 1229, 1233 (E.D. Cal. 2005).

Evidence should be "excluded on a motion in limine only if the evidence is *clearly* inadmissible for any purpose." *Fresenius Med. Care Holdings, Inc., v. Baxter Int'l, Inc.*, No. C 03-01431 SBA(EDL), 2006 WL 1646113, at *3 (N.D. Cal. June 12, 2006) (emphasis supplied). "In weighing the probative value of evidence against the dangers and considerations enumerated in Rule 403, the general rule is that the balance should be struck in favor of admission." *Id.* (citing *United States v. Dennis,* 625 F.2d 782, 797 (8th Cir.1980); *United States v. Dodds,* 347 F.3d 893, 897 (11th Cir.2003) (noting that Rule 403 is "an extraordinary remedy which the district court should invoke sparingly, and [t]he balance ... should be struck in favor of admissibility")). Defendants' motion fails to overcome the well-established policy favoring admissibility of relevant evidence.

## III. DEFENDANTS' MOTION IS OVERBROAD AND SEEKS TO EXCLUDE EXHIBITS THAT DO NOT CONTAIN "DECISIONS AND/OR OPINIONS" OF CBP OFFICIALS.

Defendants' motion seeks to exclude approximately 40 documents from Plaintiffs' exhibit list. Defendants argue that each of the documents they seek to exclude contains "decisions and/or opinions" of CBP officials regarding Defendants' counterfeit goods. They do not. First, Defendants fail to point out the portions of these documents which supposedly contain such "decisions and/or opinions." Second, Defendants are over-inclusive in the documents they seek to exclude, as a large number of documents do not contain any "decisions and/or opinions" of CBP officials. For example, Defendants seek to exclude **Exhibits A**, **B**, **F**, **G**, **H**; these documents are correspondence from Defendants' vendor, South Pacific/ Blossom, *to* CBP officials regarding the seizure of the goods. **Exhibits A** and **Exhibit H** are shown below.

> South Pacific & China Supply Inc
> 20155 Corrinne Lane
> Rowland Hts, CA 91748
>
> CHL Customs House Broker
> 9133 S. La Cienega Blvd, Ste 120
> Inglewood, CA 90301
>
> September 14, 2015
>
> Attn: Herbert Day
> Supervisor CBP Officer
> Merchandise Enforcement Team
> U.S. Customs and Border Protection
> 2711 East Dominguez Street,
> Long Beach, CA 90810
>
> Entry Number: 9RX-03047920
>
> Dear Mr. Herbert Day:
>
> I understand that my shipment was detained due to the trademark violation of the Coach, "CC" design. I sincerely apologize for this violation and I assure you it was never my intention to violate the United States trademark law.

*See* **Ex. A, Decl. of Steven E. Garlock**.

> November 30, 2015
>
> Jun Zhan
> South Pacific & China Supply Inc
> 20155 Corrinne Lane
> Rowland Hts, CA 91748
> Tel: 626 285 6500
>
> Robert P Thierry
> Fines, Penalties & Forfeitures Officer
> U.S. Customs and Border Protection
> 301 E Ocean Blvd, Suite 900, Long Beach, CA 90802
>
> Re: 2016-2704-000108-01/VJ
>
> Dear Mr. Robert Thierry:
>
> My name is Jun Zhan. I am the owner of the South Pacific & China Supply Inc. Per your notification of November 25, 2015, I am aware that 50 cartons of my handbags were seized and subject to forfeiture due to the trademark violation of a "confusingly similar copy or simulation."
>
> As I stated before, in my previous letter to you on November 12, 2015 (Re: 2016-2704-000004), I sincerely apologize for this violation.

*See* **Ex. B, Decl. of Steven E. Garlock**.

As shown above, this correspondence does not contain any "decisions and/or opinions" of CBP officials; rather, they contain the admissions of Defendants' vendor as to the counterfeit merchandise purchased by Defendants. Similar to the letters, Defendants seek to keep out shipping documentation for the counterfeit goods. Such shipping documentation does not contain any "decisions and/or opinions" of CBP officials. *See* **Exs. C**, **D**, **E**, **I**, **J**, **K**. Furthermore, Exhibit L – also identified as containing "decisions and/or opinions" of CBP officials – is a cease and desist letter from Coach to Defendants' vendor with respect to Defendants' counterfeit goods that were imported. Defendants' improper attempt to exclude these documents should be denied.

**IV.  THE CBP FILE, CONTAINING THE AGENTS' FINDINGS, DOES NOT INVADE THE PROVINCE OF THE JURY, BUT INSTEAD INDICATES PROBABLE CAUSE OF COUNTERFEITING.**

The Court should not exclude the CBP documents under Rule 403 as Defendants argue. This Court has held that a Notice of Seizure by CBP officials is relevant to the determination of infringement, stating: "While [a] Notice of Seizure

is not determinative that [] goods in question are counterfeit, *see Watkins v. Bureau of Customs and Border Protection*, 643 F.3d 1189, 1195 (9th Cir. 2011), . . . ***issuance of such a notice is some evidence of trademark infringement*** because it demonstrates that customs officials, who use the same test used by federal courts to determine infringement, concluded that the marks were counterfeit." *Coach, Inc. v. Celco Customs Servs. Co.*, No. CV1110787MMMFMOX, 2014 WL 12573411, at *11 (C.D. Cal. June 5, 2014) (citing *United States v. Able Time, Inc.*, 545 F.3d 824, 830 (9th Cir. 2008) ("Customs has defined a 'copying or simulating' trademark as 'one which may so resemble a recorded mark or name as to be likely to cause the public to associate the copying or simulating mark or name with the recorded mark or name.' 19 C.F.R. § 133.22(a). This is equivalent to the traditional 'likelihood of confusion' test for trademark infringement'"), *cert. denied*, 557 U.S. 936 (2009); 5 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 29:37 (4th ed. 2013) ("Customs regulations provide that an imported mark which is likely to be associated with a federally registered mark is deemed to 'copy or simulate' the registered mark. This test is the same as that used to determine the infringement of a federally registered mark in ordinary litigation")). Because the Notices of Seizure contained within the CBP file are relevant to the jury's determination of infringement in this case – as well as Defendants' willful conduct – they should not be excluded on the basis of Rule 403. Defendants' motion is misplaced.

### A. CBP Evidence Will Not Be Confusing to the Jury.

Defendants also argue that the CBP evidence poses a risk of confusing the jury. Defendants assert that, because the jury must approach the analysis on whether the counterfeit marks are "substantially indistinguishable" from the perspective of the purchasing public and not that of CBP agents, the evidence would be confusing because the "standard" for seizure is lower. This logic is

flawed. A trained CBP agent – armed with information about the Coach marks – should be able to identify subtle distinctions that might be ignored by the "average purchaser." In other words, a CBP agent is more likely to be able to detect those distinctions and find the products distinguishable. The "standard," if anything, is actually higher. As such, the argument regarding confusion of the jury is erroneous and goes to weight, not admissibility.

### V. DEFENDANTS WERE PROHIBITED BY THE COURT FROM BRINGING A MOTION IN LIMINE ON THIS ISSUE AND IMPROPERLY RAISE IT THROUGH THIS MOTION.

Defendants – in contravention of this Court's order – seek through their motion to exclude any evidence relating to counterfeit goods bearing third-party marks found in the seized shipments of Defendants. In their *ex parte* application for additional motions *in limine*, Defendants moved to bring the following MILs:

- Motions *in Limine* Nos. 1-4 ("the first four"): (1) evidence the Court has previously held to be irrelevant (e.g., goods that allegedly infringed third parties' trademarks), (2) evidence of the opinions of U.S. Customs officials and testimony by previously undisclosed Customs' officials, (3) evidence related to goods that are not the subject of this action (e.g., the goods dubbed the "Sold Goods"), and (4) evidence related to two trademark registrations that legally are not relevant to this case.

- Motion *in Limine* No. 5 to exclude all evidence and argument by Coach, Inc. and Coach Services, Inc. and their witnesses relating to the case entitled, *Coach, Inc., et al. v. Chung Mei Wholesale, Inc., et al.*

- Motion *in Limine* No. 6 to exclude all evidence and argument by Plaintiffs supporting their claims for relief under Cal. Bus. & Prof. Code § 17200 or Common Law Unfair Competition; and

- Motion *in Limine* No. 7 to exclude all evidence and argument related to the settlement documents and judgments entered in the *Coach, Inc., et al. v. Jun Zhan, South Pacific & China Supply, Inc.* Litigation.

*See* Dkt No. 106-1, at ¶¶ 3, 5, 7, 9. On September 11, 2019, the Court ruled on Defendants' *ex parte* application and held that: "Defendants may file MIL #6, **<u>but only in lieu of one of the "first four" MILs</u>** it described in its Application." In response to the Court's ruling, Defendants filed from their *ex parte* application Motion in Limine No. 6 (as filed is Defendants' MIL #4, Dkt No. 114) and Motions *in Limine* Nos. 2, 3, and 4 (as filed Defendants' MILs #1-3, Dkt. Nos. 111, 112, and 113). Because Defendants filed Motions *in Limine* Nos. 2-4 from their *ex parte* application, Defendants were prohibited from filing a motion *in limine* regarding "goods that allegedly infringed third parties' trademarks." Defendants seek to insert this prohibited motion in their current MIL #1. *See* Dkt. No. 111, at 3:18-4:7. Defendants' motion on this issue should be denied on this basis alone.

Additionally, the non-Coach counterfeit items seized within the same shipments as the Coach counterfeit items should be admitted. Such evidence is extremely relevant to Defendants' intent and/or willfulness. *See, e.g.*, *Polo Fashion, Inc. v. Magic Trimmings, Inc.*, 603 F. Supp. 13, 16 (S.D. Fla. 1984) (counterfeiting of marks other than plaintiff's showed defendants had no regard for trademark rights and showed bad faith and willful infringement); *United States v. Salaam*, 273 Fed. Appx. 285, 287 (4th Cir. 2008) (large number of counterfeit DVDs and CDs in defendant's possession was relevant to intent in prosecution for trafficking in counterfeit clothing); *Stevens v. Aeonian Press, Inc.*, No. 00–cv–6330, 2002 WL 31387224, at *3 (S.D.N.Y. Oct.23, 2002) (finding willful infringement based on evidence that included "records of other lawsuits filed against Defendants for similar activities, and a settlement entered into with respect to one such action"); *Walt Disney Co. v. Best*, No. 88–cv–1595, 1990 WL 144209,

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONIAL AND WRITTEN EVIDENCE AND ARGUMENT RELATED TO OPINIONS BY CUSTOMS CONCERNING WHETHER GOODS IT SEIZED WERE INFRINGING OR COUNTERFEIT

at *2 (S.D.N.Y. Sept.26, 1990) ("Shortly after agreeing to settle an earlier suit based on its sales of unauthorized and counterfeit watches, [defendant] WTD was found to be selling unauthorized and counterfeit Mickey Mouse telephones. Defendant's past infringement is a strong indication that it was familiar with the law and willfully violated it."). While Defendants' argue that it is irrelevant and prejudicial, Fed. R. Evid. 404(b)(2) plainly states that "[such evidence is] admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Indeed, this evidence also indicates Defendants engaged in a pattern of purchasing non-genuine goods. This pattern provides a strong inference that Defendants' purchase of the goods was not "by mistake," but rather part of a regular pattern of conduct. At a minimum, Defendants were at least willfully blind to the suspect nature of the purchasing decisions. Under Federal Rule 404, the evidence from the Customs file relating to seizure of other party's goods alongside the Coach goods seized should be permitted.

## VI. TESTIMONY OF CBP AGENTS SHOULD NOT BE EXCLUDED UNDER RULE 37.

The last portion of Defendants' motion *in limine* seeks to exclude the relevant CBP officials from testifying at trial. Rule 26 states in relevant part that parties must disclose the "name and, if known, the address and telephone number of each individual likely to have discoverable information" and must supplement these disclosures unless the new information "has not otherwise been made known to the other parties. . ." Fed. R. Civ. P. 26. In accordance with this rule, *both* Plaintiffs and Defendants disclosed "yet unidentified Customs and Border Protection" agents as possible witnesses, and would use them to address "knowledge of Defendant's willful importation and distribution of handbags bearing counterfeit versions of trademarks owned by Plaintiffs and others." *See*

Dkt. No. 84-7 at Exh. R at 3:11-12; **Ex M**. Defendants produced the CBP file to Plaintiffs on August 13, 2018, which identified the names of the officers in question. *See* Dkt No. 111, at 9:9-11.

Rule 26(a) only requires the identification of individuals with information *that are known to the party at the time*. Fed. R. Civ. P. 26(a). While Rule 26(e) requires a party to supplement disclosure, that is unless the information has already been provided during discovery. *Id.* at 26(e). The advisory committee notes to Rule 26(e) explain "there is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition. . . " Fed. R. Civ. P. 26, advisory committee notes; *see also McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 434 F.Supp.2d 810 (E.D. Cal. 2006); *Design Strategies, Inc. v. Davis*, 228 F.R.D. 210 (S.D. N.Y. 2005); *Stolarczyk v. Senator Int'l Freight Forwarding*, 376 F.Supp.2d 834 (N.D. Ill. 2005); *Rooney v. Sprague Energy Corp.*, 519 F.Supp.2d 110 (D.C. Me. 2007); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 527 F.Supp.2d 1257 (D.C. Kan. 2007).

Defendants provided *Plaintiffs* with information about the CBP witnesses during the course of discovery. Therefore, the disclosure requirements of FRCP 26(e) were satisfied as to these witnesses; their testimony should not be excluded. Moreover, even if the Court finds that the thirty witnesses should have been included on Plaintiffs' FRCP 26(a)(1) or FRCP 26(e)(1) disclosures, any failure to list them was harmless to either party.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendants' Motion *in Limine* No. 1.

10
PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONIAL AND WRITTEN EVIDENCE AND ARGUMENT RELATED TO OPINIONS BY CUSTOMS CONCERNING WHETHER GOODS IT SEIZED WERE INFRINGING OR COUNTERFEIT

DATED: September 24, 2019

**THOMPSON COBURN LLP**

By: /s/ Jeffrey N. Brown
**JEFFREY N. BROWN
DAVID B. JINKINS,** *admitted pro hac vice*
*Attorneys for Plaintiffs Coach, Inc. and Coach Services, Inc.*

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONIAL AND WRITTEN EVIDENCE AND ARGUMENT RELATED TO OPINIONS BY CUSTOMS CONCERNING WHETHER GOODS IT SEIZED WERE INFRINGING OR COUNTERFEIT