**THOMPSON COBURN LLP**
JEFFREY N. BROWN (SBN 105520)
DAVID B. JINKINS (*Admitted Pro Hac Vice*)
jbrown@thompsoncoburn.com
djinkins@thompsoncoburn.com
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Telephone: (310) 282-2500
Facsimile: (310) 282-2501

Attorneys for Plaintiffs COACH, INC. and
COACH SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| COACH, INC., and COACH SERVICES, INC.,<br><br>  Plaintiffs,<br><br>vs.<br><br>CITI TRENDS, INC., and KELLY MARTIN,<br><br>  Defendants. | Case No. 2:17-cv-04775-DMG-KS<br><br>Honorable Dolly M. Gee<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE FOUR WITNESSES LISTED IN THE JOINT WITNESS LIST AND THE JOINT WITNESS TIME ESTIMATE FORM**<br><br>*PRETRIAL CONFERENCE*<br>Date:   October 15, 2019<br>Time:   2:00 p.m.<br>Crtrm.: 8C |

7452608

# INTRODUCTION

Defendants improperly seek to exclude four witness listed on the Joint Witness List – Herbert Day and Pete Galles, both officers of Customs and Border Protection ("CBP"), as well as Katie Gohman and Nate Conaster, both employees of Coach. Defendants have long known about the identities and relevance of at least Day, Galles, and Gohman. And as discussed below, Defendants would not be surprised or prejudiced if all of these witnesses were called at trial. Accordingly, Defendants' motion to exclude these witnesses should be denied.

# ARGUMENT

## I. DAY AND GALLES SHOULD NOT BE EXCLUDED.

### A. Plaintiffs Were Not Required to Supplement Their Initial Disclosures Because Day and Galles Were Known to Defendants.

Defendants assume that Plaintiffs were under a duty to supplement their disclosures by identifying Day and Galles as potential witnesses. But Plaintiffs were not required to identify Day and Galles because Defendants were aware of their potential as witnesses and the nature of information in their possession.

Under Rule 26, parties must list "individual[s] likely to have discoverable information" in their initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(i). Parties must also supplement these disclosures as the case proceeds, unless any new or corrective information has "been made known to the other [side] during the discovery process." Fed. R. Civ. P. 26(e)(1)(A). Here, Plaintiffs were relieved of any duty to supplement their disclosures with the names of Day and Galles because these witnesses and their relevance because were known to Defendants.

Both parties listed in their initial May 2018 disclosures unidentified CBP officials as witnesses who may have relevant information. Defendants stated that CBP officials likely had "discoverable information regarding [the] seizure of the Seized Goods and related communications regarding the seizure of the Seized Goods with Coach and Blossom." Dkt. 126-2, p. 2. Similarly, Coach explained that

7452608

2

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE FOUR WITNESSES LISTED IN THE JOINT WITNESS LIST AND THE JOINT WITNESS TIME ESTIMATE FORM

CBP officials had "knowledge of Defendants' willful importation and distribution of handbags bearing counterfeit versions of trademarks owned by Plaintiffs and others." Dkt. 126-3, p. 2. In August 2018, after the exchange of these initial disclosures, Defendants produced documents from CBP (the CBP file) concerning the seizures at issue in this case. Dkt. 126, 4:22-24.

The CBP file plainly identifies Day and Galles. This information was entirely within *both* parties' possession, thus relieving Plaintiffs of any obligation to identify these witnesses in supplemental disclosures. Day was identified as the Supervisor CBP Officer of the Merchandise Enforcement Team. His role included giving notice of the detention to the customs house broker responsible for the Seized Goods for Defendants. *See* Dkt. 111-5 (CBP 00087); Dkt. 111-10 (CBP 00171). He also received communications from Blossom, Defendants' vendor. *See* Dkt. 111-6 (COACH001090); Dkt. 111-8 (CBP 00131); Dkt. 111-9 (COACH001143). The CBP file also identifies Galles, another CBP official, as the "Detaining Officer" who completed the documentation for the detention notice and custody receipt for the Seized Goods. *See* Dkt. 111-5 (CBP 00098); Dkt. 111-9 (CBP 000178-000180). Either or both of these individuals would be competent to testify about what occurred and lay a foundation for the file.

Defendants have argued that they could not realize Day and Galles might be witnesses because the CBP file mentions too many CBP employees. Dkt. 111, 6:9-16. This argument is erroneous in light of the small size of the file and the handful of individuals identified by name. Day and Galles are identified as members of the Merchandise Enforcement Team. Galles is identified as the "Detaining Officer" for the seizures, and Day is identified as the Supervisor. In short, one of the chief issues in this case is the seizure of a shipment of goods bearing counterfeit Coach trademarks. These are the gentlemen who did the seizing.

Defendants were "sufficiently aware of the existence and relevance" of Day and Galles. *Lore v. City of Syracuse*, 2005 WL 3095506, at *2 (N.D.N.Y. Nov. 17,

7452608

3

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE FOUR WITNESSES LISTED IN THE JOINT WITNESS LIST AND THE JOINT WITNESS TIME ESTIMATE FORM

2005). This is not a case where these potential witnesses' names were mentioned once in passing "in a deposition or document," without any clue as to their significance. *Classical Silk, Inc. v. Dolan Grp., Inc.*, 2016 WL 7638112, at *8 (C.D. Cal. Mar. 21, 2016). Rather, Day and Galles, as the only identified members of the Merchandise Enforcement Team, are uniquely qualified to testify about the seizure of Defendants' goods, and were highly likely to be called at trial. *See id*. (noting a person is "adequately disclosed" if it appears the person was "a potential witness," "might be called," or "was likely going to be called at trial"). Therefore, Plaintiffs were not required to supplement their disclosures and tell Defendants that Day and Galles are individuals who may have relevant information.  Defendants were already so aware. Defendants' motion to exclude them should be denied on this basis. *See* Fed. R. Civ. P. 37(c) (noting sanctions are proper only "[i]f a party fails to … identify a witness as required by Rule 26").

### B. Even if Plaintiffs Should Have Identified Day and Galles, That Omission Is Substantially Justified or Harmless.

Day and Galles should also not be excluded because any failure to disclose was either justified or harmless. Even if a party fails to disclose a witness as required, the court many not sanction a party by excluding a witness if the failure to identify "was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1).

When deciding whether a failure to specifically identify a witness was substantially justified or harmless, courts consider factors such as "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the non-disclosing party's explanation for it failure to disclose the evidence." *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011) (quoting *Dey, L.P v. Ivax Pharm., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005)). On balance, these factors weigh in favor of excusing any non-disclosure of Day and Galles.

7452608

4

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE FOUR WITNESSES LISTED IN THE JOINT WITNESS LIST AND THE JOINT WITNESS TIME ESTIMATE FORM

The first factor (surprise) weighs in Coach's favor. As noted above, Defendants understood that CBP personnel would have relevant information concerning the seizures when they submitted their initial disclosures in May 2018. Moreover, the CBP file, which was produced by Defendants more than a year ago, reveals the existence and relevance of Day and Galles as CPB officials involved in the seizures. *See, e.g., EMI Music Mktg. v. Avatar Records, Inc.*, 334 F. Supp. 2d 442, 445 (S.D.N.Y. 2004) (finding it "appropriate to invoke Rule 37's harmless error provision" where the "existence and relevance" of witnesses was known to the defendant, in part because some of those witnesses were its "current or former … employees" and their "names appeared in documents produced by [the defendant]"); *Wright v. Aargo Sec. Servs., Inc.*, 2001 WL 1035139, at *2 (S.D.N.Y. Sept. 7, 2001) (denying employee's motion to prevent employer from calling five unidentified co-employees as witnesses, in part because the employee received documents mentioning these co-employees and should have realized that they had "knowledge relevant to [his] supervisory duties").

Moreover, as a practical matter, Defendants cannot claim they are surprised that CBP officials might be called in a case that arose after CBP detained a shipment of counterfeit goods. *See, e.g., Wright v. Aargo Sec. Servs., Inc.*, 2001 WL 1035139, at *2 (S.D.N.Y. Sept. 7, 2001) (emphasizing that the employee, as a matter of common sense, should have realized that his co-workers had "knowledge relevant to [his] supervisory duties"); *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011) (failure to disclose four witnesses was substantially justified and harmless, in part because plaintiff should have realized that their testimony would be needed for standing purposes); *Porter v. U.S. Navy*, 222 F. App'x 611, 612–13 (9th Cir. 2007) (finding district court properly declined to exclude where several proposed witnesses and documents were mentioned in the administrative record and would provide "contextual or background" evidence).

The second factor (Defendants' ability to cure any surprise) also weighs

against exclusion. As noted, Defendants were aware of the existence and relevance of Day and Galles well before the close of discovery. Although Defendants claim they were "deprived" of discovery, the fact of the matter is that they could have pursued information from Day and Galles, but chose not to seize that opportunity. *See, e.g., Sturm v. Davlyn Investments, Inc.*, No. CV 12-7305-DMG AGRX, 2013 WL 8604661, at *7–8 (C.D. Cal. Nov. 6, 2013) (denying motion to exclude treating physicians in part because "defendants had the opportunity to depose the treating physicians but apparently chose not to") (parentheticals omitted); *Figueroa v. Cty. of Los Angeles*, No. CV 11-06228-DMG FFMX, 2012 WL 13127809, at *2 (C.D. Cal. Nov. 13, 2012) (denying motion in part because defendants "knew of the expert's testimony with enough time to depose him" about matters "not listed in [his] Rule 26 report" but did not); *Wright*, 2001 WL 1035139, at *2–3 (denying motion in part because the employee "was aware that the five witnesses … had knowledge regarding [his] job duties" and "could have deposed any of them despite [the employer's] failure to specifically identify them"); *BanxCorp v. Costco Wholesale Corp.*, 978 F. Supp. 2d 280, 323–24 (S.D.N.Y. 2013) (denying motion in part because plaintiff was aware of the "witnesses' names and roles" from "particular documents" and "could have easily deposed" them).

Defendants' decision not to pursue additional information concerning Day and Galles is not so harmful as to warrant the exclusion of these witnesses. The CBP file fairly discloses the general relevance of Day and Galles as witnesses, thus minimizing any surprise that Defendants might otherwise experience.[1] *See, e.g., Sturm*, 2013 WL 8604661, at *7–8 (denying motion to exclude treating physicians

---

[1] The lack of surprise to Defendants is underscored by their claim that testimony from Day and Galles will be "cumulative." Testimony from CBP officials like Day and Galles is critical to the narrative of this case, and Defendants cannot avoid this narrative by proposing a stipulation. *See United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 944 (N.D. Cal. 2016) (noting that plaintiffs have a "need for evidentiary richness and narrative integrity in presenting a case").

where defendants produced medical notes regarding plaintiff); *Segler Holdings, LLC v. Miller*, No. CV15-4335-DMG MRWX, 2016 WL 8839013, at *7 (C.D. Cal. Sept. 27, 2016) (finding production of documents about costs "cure[d]" the plaintiff's "failure to disclose a detailed computation").

Finally, the other factors indicate that allowing Day and Galles to testify is proper. The third factor (disruption at trial) does not present a significant problem here, as the scope of testimony from Day and Galles will be limited. The fourth factor (the importance of the evidence) does not favor exclusion, as testimony from Day and Galles will provide necessary background about the seizures. The fifth factor (the non-disclosing party's explanation for non-disclosure) also does not weigh in favor of exclusion. As noted above, Plaintiffs could reasonably expect that Defendants, being the ones to produce the CBP file, would realize the existence and relevance of Day and Galles as potential witnesses at trial.

In sum, Plaintiffs were not obligated to list Day and Galles as potential witnesses, and, in any event, not listing them was substantially justified or harmless. Either way, this Court should deny Defendants' motion as to Day and Galles.

## II. GOHMAN AND CONASTER SHOULD NOT BE EXCLUDED.

Plaintiffs also identified Gohman and Conaster as witnesses they may call at trial. Gohman is the Vice President of Global Marketing for the Coach brand, and, if called, would discuss the strength and recognition of the Coach brand, specifically the Signature C Design Mark. Conaster is the Regional Director of Coach Outlets, and, if called, would testify regarding retail sales activity of the Coach brand, including the Signature C Design Mark. The limited testimony from these witnesses would aid the jury and not disrupt the case, and the Court should reject Defendants' assertions that these witnesses should be excluded from trial.

### A. Plaintiffs Were Not Required to Identify Gohman in Supplemental Disclosures Because She Was Adequately Disclosed.

As noted above, parties need not supplement their disclosures with new or

corrective information that "been made known to the other [side] during the discovery process." Fed. R. Civ. P. 26(e)(1)(A). This principle applies to Gohman, a Coach employee who was not specifically listed in Plaintiffs' disclosures but who was identified in a deposition as having knowledge regarding marketing and advertising. *See* Fed. R. Civ. P. 26, Advisory Committee Notes to Subdivision (e) (1993 Amendment) (explaining that there is no duty to identify a witness in supplemental disclosures who "is identified during the taking of a deposition").

Defendants have known of Gohman for about nine months (since January of this year). Specifically, Defendants were told that Gohman was consulted by Plaintiffs' corporate deponent – Karla Aspiras – for information responsive to Defendants' line of questioning about advertising and marketing for the registrations. *See* Ex. A, 15:11-16:5. Aspiras confirmed that she, personally, was not as familiar with that information as Gohman, and that she learned the information she was disclosing from Gohman. *See* Ex. A, 132:24-133:8. Given Aspiras's testimony about what she learned from Gohman, Defendants were on notice of the identity and relevance of Gohman as a witness regarding advertising and marketing. Plaintiffs were thus not required to disclose her in their supplemental disclosures.

### B. Even if Plaintiffs Should Have Identified Gohman and Conaster, That Omission is Substantially Justified or Harmless.

Even if Gohman and Conaster should have been listed as potential witnesses in Plaintiffs' supplemental disclosures, any failure to do so does not warrant their exclusion. Under the factors and case law discussed above, any non-disclosure here is substantially justified or harmless.

The Court should allow Gohman to testify regarding advertising and marketing. Defendants cannot claim to be surprised that she might be called as a witness on this topic. Gohman was specifically identified as a source of information regarding this subject during a deposition before the close of discovery. For this reason, Defendants were aware of the existence and relevance of Gohman as a

potential witness on this issue. Defendants could have deposed her, yet they chose not to pursue that opportunity.

Defendants' decision not to depose Gohman does not seriously harm them, as the information that Aspiras conveyed from Gohman provides notice regarding the scope of the information that is within Gohman's possession. In addition, calling Gohman will not disrupt the trial or cause undue delay. Her testimony may provide important information regarding advertising and marketing that will assist the jury. And Plaintiffs had defensible grounds for not specifically listing Gohman in any supplemental disclosures, because her existence and relevance were made known to Defendants when they deposed Aspiras as a corporate representative.

Similarly, it is also proper to allow testimony from Conaster. Although he was not brought to Defendants' attention earlier, any surprise can be mitigated by allowing Defendants to depose him and by limiting his testimony to the foundational topic of Coach's provision of retail store services under the Signature C Design Mark. This topic provides some fair notice about what Conaster will and will not discuss if called as a witness at trial. This type of information will also not disrupt the trial, and will provide helpful information to the jury as they consider this case.

Finally, there is no merit in Defendants' suggestion that Gohman and Conaster will be able to do nothing but relay hearsay. This argument appears to be based on the notion that these witnesses will likely have to base their testimony on documents concerning their respective topics. *See* Dkt. 126, 6:5-15. The Court should reject this assertion. Gohman and Conaster could base their testimony on personal knowledge and experience gained in their day-to-day roles, as other courts have recognized in similar circumstances. *See, e.g., Hynix Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951, 980 nn.25-26 (N.D. Cal. 2009) (senior VP of sales could testify about what company was selling and status of design-selection process in industry due to her position, which required her "to know … customers' needs" and thus "support[ed] the inference that she has personal knowledge about

7452608

9

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE FOUR WITNESSES LISTED IN THE JOINT WITNESS LIST AND THE JOINT WITNESS TIME ESTIMATE FORM

the status of her potential customers' product development"); *Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 606 (D.N.J. 2004) (rejecting argument that managing director of retail division and COO would not "have sufficient knowledge of company operations to support the assertions" made in his affidavit).

Even if there is some doubt about whether any failure to specifically disclose Gohman or Conaster is substantially justified or harmless, some sanction short of excluding both of these witnesses would be more appropriate under the circumstances. *See Sweet People Apparel, Inc. v. Saza Jeans, Inc.*, No. CV 14-1143 DMG (ASX), 2015 WL 12669884, at *4 (C.D. Cal., June 25, 2015).

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court deny Defendants' motion in limine to exclude Day, Galles, Gohman, and Conaster.

DATED: October 3, 2019               **THOMPSON COBURN LLP**

By:      /s/ Jeffrey N. Brown
**JEFFREY N. BROWN**
**DAVID B. JINKINS**, *admitted pro hac vice*
*Attorneys for Plaintiffs Coach, Inc. and Coach Services, Inc.*

7452608

10

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE FOUR WITNESSES LISTED IN THE JOINT WITNESS LIST AND THE JOINT WITNESS TIME ESTIMATE FORM

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on October 3, 2019 upon the following counsel of record by filing the document electronically with the Court's ECF system:

Kenneth L Wilton
Destiny J. Brown
Seyfarth Shaw LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021

*Attorney for Defendant*
*Citi Trends Inc.*

/s/ Jeffrey N. Brown
Jeffrey N. Brown

7452608

11

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE FOUR WITNESSES LISTED IN THE JOINT WITNESS LIST AND THE JOINT WITNESS TIME ESTIMATE FORM